| | |
|---|---|
| EARL ALLEN LEWIS,<br>    Plaintiff,<br><br>v<br><br>RICKY CHANDLER, in his Official<br>Capacity as Police Chief for the City of<br>Dickson Police Department;<br><br>and SCOTT HULL, Individually and in<br>his Official Capacity as an Officer for the<br>City of Dickson Police Department;<br>    Defendants. | CASE NUMBER _____<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Earl Allen Lewis, by and through his attorney of record, Richard M. Brooks, and for cause of action against these Defendants, both jointly and severally, and would respectfully show until this Honorable Court as follows:

### I - JURISDICTION and VENUE

1. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution; other claims, which arise under state law; Title II of the Americans with Disabilities Act; and Section 504 of the Rehabilitation Act.

2. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Honorable Court has jurisdiction over the Plaintiff's claim of violation of civil rights under 42 U.S.C. § 1983 and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions, which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Honorable Court otherwise has jurisdiction.

4. Jurisdiction of the State law claim is also proper. The Federal Court, under 28 U.S.C. § 1367 should assume supplemental jurisdiction. The state law claim being, the Plaintiff, Earl Allen Lewis, under the Tennessee Governmental Tort Liability Act (TGTLA) brings this action individually and officially. (T.C.A. § 29-20-101 et seq.) Individual claims against the Defendants are brought under the Common and Statute Laws of the State of Tennessee.

## II - INTRODUCTION

5. This cause of action arises from an encounter between Plaintiff, Earl Allen Lewis, and an officer of the City of Dickson Police Department, Scott Hull. This encounter occurred in Dickson, Tennessee, on January 7, 2012, when police officer Defendant Scott Hull, acting under color of law with an unconstitutional "Civil Standby" asserted that he had the authority to accompany Amanda Givens to Plaintiff's residence on 147 Bishop Lane, Burns, Tennessee. Defendant Hull did more than just standby. He entered the residence of the Plaintiff without warning, notice, or due process of law. Defendant Hull unconstitutionally entered Plaintiff's residence, which resulted in violations of Plaintiff's constitutional rights.

6. The Defendants have violated the Common and Statutory Law of the State of Tennessee. They have further committed the torts of assault and battery, trespass, negligent infliction of emotional distress and false imprisonment.

## III - PARTIES

7. Plaintiff, Earl Allen Lewis, is a 57-year-old disabled, Caucasian male, who is a retired Microsoft Systems Engineer residing at 147 Bishop Lane, Burns, Tennessee 37029. Plaintiff suffers from the following ailments: arthritis, lyme disease, and gout. Plaintiff has also undergone two right knee surgeries, three back surgeries, and a heart transplant. He takes numerous prescription medications daily for the aforementioned conditions and surgeries.

8. The City of Dickson, located in Dickson County, is a political subdivision of the State of Tennessee and, among its other functions, operates and maintains a law enforcement agency known as the Dickson Police Department (DPD). The City of Dickson is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City and to preserve to its citizens, the rights, privileges and immunities guaranteed and secured to them by the constitutions of the laws of the United States and the State of Tennessee. The City of Dickson has established or delegated to Defendant Ricky Chandler, Police Chief for the DPD, the responsibility for establishing and implementing policies, practices, procedures and customs, used by law enforcement officers employed by the City of Dickson regarding arrests and the use of force. The City of Dickson does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to the TGTLA, T.C.A. § 29-20-101 et seq., particularly T.C.A. § 29-20-205. At all times, the City of Dickson Police Department, Police Chief Chandler, and the Defendant police officers were acting under color of state law. The agent for service of process for the

3

City of Dickson is Dickson City Mayor Don L. Weiss, Jr., 600 East Walnut Street, Dickson, Tennessee 37055.

9. Defendant, Ricky Chandler, is an adult male citizen of Dickson County, Tennessee, and was at all times herein the Police Chief for the City of Dickson Police Department and was in charge of the operations and actions of the officers in his employ and others acting in joint law enforcement operations under official or unofficial mutual aid agreements.

10. Defendant, Scott Hull, is an adult male citizen of Dickson County, Tennessee, and was at all times herein a Police Officer for the City of Dickson Police Department.

## IV - FACTS

11. That Plaintiff (Earl Allen Lewis) owns a residence at 147 Bishop Lane, Burns, Tennessee.

12. That adjoining the residence is a recording studio, which is owned and operated by Plaintiff.

13. That although the address for the residence is Burns, Tennessee, the home is physically located in the city limits of Dickson, Tennessee.

14. That Plaintiff was at home working in his recording studio on January 7, 2012.

15. That also present in the recording studio was Hoot Hester and Daryl Patterson.

16. That due to the economic conditions of Amanda Givens Mobley, age 28, and her father, Danny Givens, age 50, Plaintiff allowed them to reside with him rent-free until they could make other arrangements.

17. That Amanda Givens Mobley had moved out of Plaintiff's residence approximately three weeks prior to January 7, 2012.

18. That Plaintiff left his recording studio and walked outside to take a break from working.

19. That when Plaintiff got outside, he saw Defendant Hull exiting his police car.

20. That Plaintiff asks Defendant Hull why he is there.

21. That Defendant Hull does not respond to Plaintiff and offers no explanation for his presence.

22. That Defendant Hull continues walking toward Plaintiff's home.

23. That Plaintiff is following Defendant Hull and continuously asking him why he is there.

24. That Defendant Hull enters Plaintiff's home through the front door without consent or permission from the owner, Plaintiff, and without any type of warrant or legal document allowing him to enter.

25. That Plaintiff follows Defendant Hull into the house.

26. That Defendant Hull and Plaintiff walk toward the bedroom door when Amanda Givens Mobley appears in the doorway of the bedroom.

27. That Plaintiff takes a step toward the bedroom door.

28. That Defendant Hull immediately yells at Plaintiff, "Stop! You cannot go in there. Put your hands up."

29. That Plaintiff immediately raises both arms above his head.

30. That Defendant Hull continuously yells and orders Plaintiff to raise his hands although Plaintiff had already complied.

31. That Defendant Hull forcefully grabs both Plaintiff's wrists and violently pulls Plaintiff side-to-side and backward.

32. That Defendant Hull commandingly yells at Plaintiff to stop resisting although Plaintiff is not resisting and is complying with all of Defendant Hull's commands.

33. That this action occurs at least five times.

34. That Defendant Hull then jerks Plaintiff's right arm down behind his back.

35. That Defendant Hull then notices a Rueger .22 target pistol in Plaintiff's right front pocket.

36. That Defendant Hull asks Plaintiff if he has a permit for the pistol to which Plaintiff replies in the affirmative.

37. That during this questioning, Defendant Hull forcefully handcuffs the Plaintiff behind his back.

38. That Plaintiff tells Defendant Hull that the handcuffs are too tight and that they are twisted and painful.

39. That Defendant Hull tells Plaintiff that the handcuffs would be alright if he would stop resisting.

40. That Plaintiff tells Defendant Hull that he is not resisting.

6

41. That Defendant Hull reaches into Plaintiff's right front pocket and takes out the pistol and lays it on the coffee table.

42. That Danny Givens then asks Plaintiff where his video camera is.

43. That Plaintiff explains to Danny Givens that the video camera is in the recording studio and to get the small one.

44. That Danny Givens goes to the recording studio and gets the video camera.

45. That Amanda Givens Mobley then exits the bedroom, walks out the front door of Plaintiff's home, and across the front yard to her car, which is parked on the street in front of the residence.

46. That at this time, Defendant Hull and Plaintiff are alone in the living room.

47. That during this time alone in the living room, Defendant Hull is applying pressure to the handcuffs and Plaintiff can feel grinding in his lower back.

48. That Defendant Hull gets his microphone and calls for backup stating that there are three people on one and he needs assistance.

49. That when Defendant Hull calls for backup, there is no one in the living room except for him and the handcuffed Plaintiff.

50. That Danny Givens and Daryl Patterson arrive on the front porch and hear Defendant Hull calling for backup.

51. That Danny Givens has the small video camera and asks Plaintiff how to turn it on.

7

52. That Amanda Givens Mobley re-enters the house and throws Plaintiff's truck keys down on the coffee table.

53. That Defendant Hull took extreme caution to insure that no independent party could video record any of the actions that took place in the home, which is a violation of American citizens' First Amendment rights.

54. That back-up officers arrive and Plaintiff's handcuffs are removed.

55. That all officers, both city of county, are trying to justify Defendant Hull's actions to Plaintiff.

## VI – LIABILITY

### COUNT I. - VIOLATION OF THE FIRST AMENDMENT

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

56. That Defendant Hull took extreme caution to insure that no independent party could video record any of the actions that took place in the home by closing the window blinds so that no-one on the outside could video record the happenings inside the house.

57. That Defendant Hull took such extreme caution so that other parties could not have a record of the violent and excessive force that he was using on Plaintiff.

### COUNT II. – VIOLATION OF THE FOURTH AMENDMENT – ILLEGAL SEARCH AND SEIZURE

8

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

58. That Defendant Hull enters Plaintiff's home through the front door without consent or permission from the owner, Plaintiff, and without any type of warrant or legal document allowing him to enter.

59. That Defendant Hull forcefully grabs both Plaintiff's wrists and violently pulls Plaintiff side-to-side and backward.

60. That during this questioning, Defendant Hull forcefully handcuffs the Plaintiff behind his back.

61. That in violating Plaintiff's right to be free from an illegal seizure of his person, Defendant Hull acted under color of state law and conducted an unreasonable and illegal seizure of Plaintiff through the use of unnecessary, unjustified, unreasonable and excessive force.

### COUNT III – VIOLATION OF THE FOURTEENTH AMENDMENT – EXCESSIVE FORCE

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

62. That Defendant Hull forcefully grabs both Plaintiff's wrists and violently pulls Plaintiff side-to-side and backward.

63. That during this questioning, Defendant Hull forcefully handcuffs the Plaintiff behind his back.

9

64. That Defendant Hull then jerks Plaintiff's right arm down behind his back.

65. That during this time alone in the living room, Defendant Hull is applying pressure to the handcuffs and Plaintiff can feel grinding in his lower back.

66. That in committing the acts complained of herein, Defendant Hull acted under color of state law to deprive Plaintiff of his clearly established constitutionally protected right to be free from excessive force.

### COUNT IV – FAILURE TO PROPERLY TRAIN

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

67. That the police officers of the DPD have expressed that they have to treat all citizens the same, which is not the law, either by the State of Tennessee or the United States, in that the City of Dickson has no policy in dealing with disabled citizens.

68. The City of Dickson and Defendant Police Chief Chandler are under a constitutional duty to properly train, supervise and discipline members of the DPD during their law enforcement activities and to ensure that the policing activities of the DPD are done in a lawful manner, preserving to the citizens of the City of Dickson the rights, privileges and immunities guaranteed to them by the Constitutions and Laws of the United States and the State of Tennessee.

69. The City of Dickson and Defendant Police Chief Chandler failed in this constitutional duty by permitting, encouraging, tolerating, and knowingly acquiescing to

10

Case 3:13-cv-00007   Document 1   Filed 01/04/13   Page 10 of 18 PageID #: 10

an official pattern, practice or custom of its police officers, including Defendant Hull, violating the constitutional rights of the public at large, including Plaintiff.

70. The City of Dickson and Defendant Police Chief Chandler are directly liable for the violation of Plaintiff's constitutional rights due to the practices and customs that were in effect at the time of this incident and which were the moving force behind the violation of Plaintiff's constitutional rights.

71. Defendant Police Chief Chandler and the City of Dickson failed to properly and adequately train and educate his officers with respect to the proper procedures to employ when interacting with citizens and the proper use of force, creating an atmosphere of illegal and unconstitutional behavior that is tolerated and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

72. Defendant Police Chief Chandler failed to properly supervise and discipline his officers with respect to the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding use of force, which creates a pattern, police, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

73. Defendant Police Chief Chandler failed to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practices and customs with respect to the use of force, which creates a pattern, police, practice, custom or atmosphere where such illegal and unconstitutional behavior is

tolerated, condoned and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

74. Defendants have a policy, practice or custom of allowing its officers to use excessive and/or unreasonable force without fear of discipline, creating an atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

75. Defendants are aware that a "code of silence" exists among members of its department whereby officers will not report misconduct of fellow officers and has failed to take such steps to preclude its existence and, as a result of the "code of silence", officers act unconstitutionally without fear of discipline.

76. As a direct and proximate result of the foregoing policies, practices and customs of the City of Dickson and Defendant Police Chief Chandler, the violation of the constitutional rights of citizens by the members of the DPD and Defendant Hull was substantially certain to occur and was the moving force behind the violation of the Plaintiff's constitutional rights.

### COUNT V – TENNESSEE GOVERNMENTAL TORT LIABILITY

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

77. At all times material hereto, the Individual Defendants were acting in the course and scope of their employment with the DPD. The acts, omissions and conduct of

12

the individual defendants alleged herein constitute assault and battery, excessive force and false imprisonment under the laws of the State of Tennessee.

78. Plaintiff avers that the City of Dickson should be held liable for all said torts as the individual Defendants were acting in the course and scope of their employment at all times material hereto and their actions were foreseeable. In the alternative, the Plaintiff submits that the City of Dickson is liable for all torts committed by its officers, that the City of Dickson has waived immunity under state law, and that the individual Defendants are liable for all torts committed by them for which the City of Dickson has not waived immunity.

79. Under currently existing law, Plaintiff avers that the individual Defendants are liable for all torts committed by them and for which the City of Dickson has not waived immunity under the TGTLA and which include, but are not limited to, assault and battery, excessive force, and false imprisonment.

80. Under currently existing law, Plaintiff avers that the City of Dickson is liable for their own negligence and is responsible for all of the aforesaid torts committed by the individual Defendants for which they have waived immunity under the TGTLA and which include, assault and battery, excessive force, and false imprisonment.

81. The Plaintiff brings this cause of action under state law against the City of Dickson for negligence pursuant to the TGTLA, T.C.A. § 29-20-101, et seq., particularly T.C.A. § 29-20-205. The City of Dickson has waived its immunity for its own negligence and the acts and omissions of its employees complained of herein pursuant to the TGTLA, T.C.A. § 29-20-101, et seq., particularly T.C.A. § 29-20-205. At all times

13
Case 3:13-cv-00007   Document 1   Filed 01/04/13   Page 13 of 18 PageID #: 13

material hereto, the individual Defendants were acting in the course and scope of their employment as employees for the City of Dickson.

82. The City of Dickson was under a duty to conduct their law enforcement activities in such a manner as to preserve to the citizens of the City of Dickson, Tennessee, the rights, privileges and immunities guaranteed to them by the laws of the State of Tennessee, the Constitution of the State of Tennessee, and the Constitution of the United States.

83. While the Plaintiff has asserted that the policies, practices, customs and usages of the City of Dickson were deliberately indifferent to Plaintiff's constitutional rights, the Plaintiff pleads in the alternative that the City of Dickson negligently screened, hired, trained, monitored, supervised, controlled, assigned, counseled, investigated, and discipline the individual Defendants and other officers and employees of their respective departments, which made the misconduct of the individual Defendants and other officers a foreseeable result of the City of Dickson Police Department's systemic deficiencies.

84. The aforementioned deficiencies of the City of Dickson resulted in its failure to act in a reasonable and prudent manner and constitute negligence under the laws of the State of Tennessee that was a proximate cause of the torts committed by the individual Defendants.

85. As a direct and proximate result of the aforementioned acts and omissions of these Defendants, including but not limited to, trespass, false imprisonment, and negligent infliction of emotional distress, the Plaintiff has been injured and damaged.

## COUNT VI – VIOLATION OF THE ADA AND SECTION 504 OF THE REHABILITATION ACT

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

86. The DPD and the City of Dickson receive federal funds. Plaintiff has a physical disability that substantially limits one or more of his major life activities.

87. That City of Dickson and Defendants unlawfully discriminated against Plaintiff due to his disability in that: 1) Defendant Police Chief Chandler has a policy, custom, and practice of failing to accommodate persons with disabilities such as Plaintiff; 2) City of Dickson and Defendants have a policy, practice and custom of failing to take into consideration a person's disabilities during the seizure of that person; 3) Defendant Police Chief Hull has failed to properly train officers to recognize, consider and accommodate a person's disabilities both before, during, and after the seizure of that person. Said policies, practices, and customs violate the ADA compliance mandate for cities.

88. Although the ADA and Section 504 of the Rehabilitation Act require the City of Dickson and Defendant Police Chief Chandler to self-evaluate its policies to eliminate discrimination on the basis of disability, Defendant Police Chief Chandler and the City of Dickson have failed to do so by failing to have policies in place to require officers to consider appropriate disabilities when handcuffing individuals. As a result of this failure, persons with qualified disabilities, including Plaintiff, are being treated unfairly and discriminatorily.

89. Consequently, as a direct and proximate result of these acts and omissions, the City of Dickson and Defendant Police Chief Chandler have discriminated against Plaintiff on the basis of his disability and has damaged him as alleged herein.

## DAMAGES

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

90. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Earl Allen Lewis was injured and damaged. The injuries and damages for which Plaintiff Earl Allen Lewis seeks compensation from the Defendants, both jointly and severally, under both state and federal law, include but are not limited to, the following:

   a. physical pain and suffering;
   b. emotional pain and suffering;
   c. loss of enjoyment of life;
   d. hedonic damages;
   e. punitive damages against the applicable Defendants;
   f. pre and post judgment interest;
   g. statutory and discretionary costs;
   h. Attorney's fees;
   i. a declaratory judgment that the acts and conduct herein were unconstitutional;
   j. injunctive relief requiring the DPD to provide proper policy, training and supervision to its officers and holding them accountable for their misconduct;
   k. all such further relief, both general and specific, to which the Plantiff may be entitled under the premises.

## PRAYER FOR RELIEF

1. That proper process issue to the Defendants and that they be required to answer in the time required by law.

16

2. That as to all Defendants, that the Plaintiff be awarded reasonable expenses, including reasonable attorney's fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988(b) and (c).

3. That a jury of twelve (12) is demanded for the individual state claims and the 42 U.S.C. § 1983 actions.

4. Plaintiff sues the Defendants, both jointly and severally, for all damages to which the Plaintiff may be entitled to recover against the Defendants under state and federal law in her individual capacity, and prays for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises. The Plaintiff objects to placing a specific sum of money on the injuries he received; however, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed Five Hundred Thousand ($500,000.00) Dollars.

5. Plaintiff sues Defendants, both jointly and severally, and prays for a judgment against the applicable Defendant for punitive damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which she may be entitled under the premises. The Plaintiff objects to placing a specific sum of money on the injuries he received; however, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed Five Hundred Thousand ($500,000.00) Dollars.

**CONSTITUTIONALLY** submitted on this the 4th day of January 2013.

*[signature]*
EARL ALLEN LEWIS
**Plaintiff**

*[signature]*
**RICHARD M. BROOKS, #4308**
**ATTORNEY FOR PLAINTIFF**
130 Third Avenue West
P. O. Box 255
Carthage, TN 37030
Phone: (615) 735-0807
Fax: (615) 735-1921
Email: utkrmb@comcast.net